UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GARRY L. HORNSBY,                        §
                                         §
        Plaintiff,                       §
VS.                                      §        CIVIL ACTION NO. H-10-4277
                                         §
THE SALVATION ARMY, *et al*,             §
                                         §
        Defendants.                      §

## OPINION AND ORDER

Pending before the Court are Defendants James Eaton, the Department of Veterans Affairs Michael E. Debakey Medical Center, and Eric Shinseki's ("Government Defendants") motion to dismiss Plaintiff Garry L. Hornsby's amended complaint (Doc. 34) and Defendants the Salvation Army and Neville E. Pottinger's ("Salvation Army Defendants") motion for summary judgment. Doc. 30.

Having reviewed the motions, the facts and history of this case, and the relevant law, the Court finds that Defendants' motions should be granted.

Background

The Court notes at the outset that Plaintiff's original complaint, amended complaint, and all other filings that his counsel, Sonya Chandler-Anderson, has submitted to this Court are replete with spelling and grammatical errors, incomplete sentences, and misleading or clearly erroneous statements that make determining the alleged facts in this case difficult. Nevertheless, it appears that the crux of this case is the Salvation Army Defendants' decision to remove Hornsby from a homeless shelter on September 16, 2008. Doc. 28 at 4. Although Hornsby does not state as much, his pleadings suggest that he had a housing contract for a bed or room at the

Salvation Army's Harbor Light Center. *Id.* On September 16, Hornsby asserts that Salvation Army employees accused him of stealing lunch meat and terminated his housing contract. *Id.*

Hornsby also makes numerous allegations against the Government Defendants, although his complaint reveals no rational relation between those entities and the Salvation Army Defendants. After parsing the record, it appears to the Court that Hornsby was being treated for substance abuse issues at the Department of Veterans Affairs Michael E. Debakey Medical Center in Houston. His treatment was dependant on his continued housing at the Harbor Light Center. The Salvation Army informed John Eaton, a counselor at the VA, that it had terminated Hornsby's housing contract. Eaton made a record of the reasons for the termination that, Hornsby alleges, differed from the reasons that the Salvation Army offered to Hornsby for the termination. Hornsby subsequently wrote letters to the VA and the Salvation Army requesting that they correct his record and protesting the termination of his housing contract, but Defendants did not correct their records nor reinstate his housing contract.

<u>Claims Against the Government Defendants</u>

Hornsby's claims against the Government Defendants clearly are barred by the common law doctrine of sovereign immunity and the relevant provisions of the Federal Tort Claims Act. ("FTCA"). "The natural consequence of the sovereign immunity principle is that the absence of consent by the United States is a fundamental defect that deprives the district court of subject matter jurisdiction." Wright, *et al*., 14 FED. PRAC. & PROC. § 3654 (2011). Thus, "a person attempting to sue a federal agency or officer must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States, or that in effect the proceeding is not a suit against the United States." *Id.* § 3655.

"The FTCA waives the United States' sovereign immunity from tort suits[1] . . . and is the exclusive remedy for compensation for a federal employee's tortious acts committed in the scope of employment.[2] . . . To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing *Atorie Air, Inc. v. Federal Aviation Administration*, 942 F.2d 954, 957 (5th Cir.1991)). Further, the Act "specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act." *Employees Welfare Committee v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979).

Although Hornsby alleges that he "made claims to all of the Defendants requesting that the false claims in his Medical Records be removed," (Doc. 28 at 3) he does not allege that he presented any of his legal claims to the VA. Hornsby argues that he did not make a claim for money damages at the time that his alleged injuries occurred because "the monetary claims being made at this is [sic] is based [sic] upon newly discovered evidence" in the form of a physician's documentation that Hornsby suffered "emotional duress" and he asks that he therefore be excused from the administrative exhaustion requirements of the Act. *Id.* Whether Hornsby knew the monetary value of his emotional distress is unrelated to the question of whether he had suffered some distress. Nothing precluded him from being aware of his own injuries and presenting claims for such injuries to the VA. Hornsby's failure to understand the extent of his purported emotional damages arising out of the Government Defendants' purported wrongful conduct does not excuse his responsibility to present those claims to the appropriate federal agency. Because Hornsby clearly has not satisfied the jurisdictional requirements to sue the United States under the FTCA, his claims against the Government Defendants are dismissed.

---

[1] 28 U.S.C. § 2674.
[2] 28 U.S.C. § 2679.

<u>Salvation Army Defendants' Motion for Summary Judgment</u>

The Salvation Army Defendants have filed a motion for summary judgment as to Hornsby's amended complaint in which they assert that all of Hornsby's claims fail as a matter of law. Doc. 30.[3] Defendants' summary judgment motion consists mostly of an argument under Rule 12(b)(6) as to whether Hornsby satisfies the pleading requirements of Rules 8 and 9(b). The Court confines itself to the same inquiry as to Hornsby's claims for intentional infliction of emotional distress, negligence, and defamation. Because Defendants rely on affidavit testimony disputing Hornsby's characterization of his housing status at the Salvation Army Harbor Light Center, however, the Court conducts a traditional summary judgment inquiry into that claim.

<u>Legal Standard Under Rule 12(b)(6)</u>

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[3] The Salvation Army Defendants style their motion a "reply brief" in support of their previous motion for summary judgment previously filed as to Plaintiff's original complaint. Doc. 16. Defendants reference the summary judgment evidence contained in that motion and re-urge the arguments and summary judgment evidence contained therein.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity required for such pleading, however, varies from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds,* 355 F.3d 356 (5th Cir.2003). The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724.

More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Benchmark Elecs.*, 343 F.3d at 724. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D.Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

<u>Legal Standard for Summary Judgment</u>

A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue, and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Col. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the non-movant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532,

536 (5th Cir. 2006). To do so, the non-movant must "go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). There is a "genuine" issue of material fact if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

<u>Analysis</u>

Despite having the opportunity to amend his pleadings in response to Defendants' initial motions for summary judgment and to dismiss, Hornsby has failed entirely to plead a set of facts that support his claims for relief. His allegations consist almost entirely of legal conclusions or muddled factual assertions that fail to satisfy the pleading requirements. Regarding his claim for intentional infliction of emotional distress, Hornsby asserts that "Defendant's conduct of not following police and procedures s [sic] of investigating: [sic] verifying and reporting the false allegations against Plaintiff Hornsby and putting him out on the street in the middle of the night was intentional and/or reckless." Doc. 28 at 8. Hornsby does not, however, identify the Defendant to which he is referring, nor why such a Defendant should be expected to follow police procedures. Further, the act of terminating Hornsby's housing agreement does not rise to

the level of "extreme and outrageous" conduct required to state a claim for intentional infliction of emotional distress. *See Moore v. City of Wylie*, 319 S.W.3d 778 (Tex.App.-El Paso 2010). Hornsby therefore has failed to state a claim for intentional infliction of emotional distress.

Hornsby's claim for "negligent and/or gross negligent [sic]" is premised on his assertion that VA employee James Eaton failed to follow VA procedures when recording information in Hornsby's medical records and "did not use reasonable care in investigating, conveying, and/or use reasonable precaution [sic] in accepting and relaying on relevant information placed in patients [sic] medical records used and relied on by others." Doc. 28 at 9. Hornsby fails to identify how the actions of VA employee James Eaton are attributable to or in any way controlled by the Salvation Army Defendants. Because Hornsby has made no attempt to relate the Salvation Army Defendants' actions to his claim for negligence, they are entitled to summary judgment as to this claim.

Hornsby's claim for defamation or libel clearly is barred by the applicable statute of limitations. In Texas, a plaintiff must bring claims for libel or slander "not later than one year after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.002(a). Hornsby alleges that the dispute over lunch meat that ended with his removal from the Harbor Light Center took place on September 16, 2008. *See* Doc. 28 at 5. He further alleges Defendants wrote various letters and made statements containing purportedly defamatory statements in the months following until July 1, 2009, when Defendant allegedly wrote a defamatory letter reporting on the September 16 incident. Hornsby alleges no other conduct occurring after July 1, 2009. Hornsby filed this case in state court on October 5, 2010, more than fifteen months after the final allegedly wrongful act. Because Hornsby brought his claims more than one year after his purported cause of action for defamation or libel accrued, his claims clearly are barred by the

statute of limitations and must be dismissed.

Finally, the Salvation Army Defendants move for summary judgment on Hornsby's claim for breach of contract on the grounds Hornsby has failed to demonstrate the existence of a valid contract. In his complaint, Hornsby asserted that he and the Salvation Army Defendants "entered into a Contractual Agreement that the Salvation army [sic] provides Plaintiff accommodation for a fee" and that "Defendant Salvation Army . . . broke a promise be denying and allowing [sic] Plaintiff Hornsby the accommodation they agree on." Doc. 28 at 11. Hornsby's sparse allegations fail to demonstrate existence of a valid contract. Additionally, the Salvation Army Defendants have introduced evidence that accommodation they provide is not on a contractual basis and that the Salvation Army "does not provide any guarantee of continued residence at the facility." Doc. 16-4 at 2.

Hornsby has not responded to the Salvation Army Defendants' most recent motion for summary judgment nor directed the Court to any evidence in the record that demonstrates a material issue of fact on this question. Hornsby's attorney did file a response to the Salvation Army Defendants' first motion for summary judgment but, in the confusing and disorganized fashion that has characterized all her submissions to this Court, put forward only the following argument:

> the Plaintiff and Defendant Salvation Army Martin entered into a contract of services for the framing a painting owned by the Plaintiff for a set fee.The contract provided that plaintiff would pay Defendant Martin a fee for the framing of a painting titled "Three Hail Mary"s" .As part of the agreement and the bases Defendant Martin was entrusted with the safe keeping and well being of Plaintiffs Painting. Defendant Martin breach this contact by damaging Plaintiffs Painting.

Doc. 23 at 7.

Plaintiff's attorney appears to have copied an argument from an unrelated legal matter that fails to have even tangential relevance to this case. Because the Salvation Army Defendants

have put forward evidence demonstrating the absence of a material issue of fact as to the existence of a contract in this case, they are entitled to summary judgment on this ground.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that James Eaton, the Department of Veterans Affairs Michael E. Debakey Medical Center, and Eric Shinseki's motion to dismiss Plaintiff Garry L. Hornsby's amended complaint (Doc. 34) is **GRANTED**. Further, the Court

**ORDERS** that Defendants the Salvation Army and Neville E. Pottinger's motion for summary judgment (Doc. 30) is **GRANTED**.

SIGNED at Houston, Texas, this 16th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE