UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRY L. HORNSBY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-4277 |
| | § | |
| THE SALVATION ARMY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is Plaintiff Gary L. Hornsby's Motion to Vacate or Modify Order (Doc. 88). Having considered the motion, the record in the case, and the applicable law, the Court concludes that the motion should be denied.

### I. Background

On June 22, 2012, this Court issued an order (Doc. 81) denying Plaintiff's motion (Doc. 78) to proceed *in forma pauperis* in his appeal to the Fifth Circuit. On July 14, Plaintiff filed a motion for reconsideration. Doc. 82. The Court denied his motion "without prejudice to the filing of his Rule 24 (a)(1), Form 4 supporting affidavit, within ten days of the entry of [the] order." Order, July 26, 2012, Doc. 85. Those ten days expired on August 6 without the necessary filing. On October 1, Plaintiff filed the motion presently before the Court.

### II. Legal Standard

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from an order or final judgment under five enumerated circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) a judgment that is void; or (5) a judgment that is satisfied, vacated, or

otherwise would be inequitable in its prospective application. A sixth, catch-all subsection encompasses "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but applies only under "extraordinary circumstances." *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (quoting *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010)).

### III. Analysis

Here, Plaintiff fails to state under which subsection he seeks relief, arguing only that his error "is not intentional, and/ or due to his neglect, but due to circumstance beyond his control." Mot. 1. Despite Plaintiff's protestations to the contrary, it is obvious that the subsection to which Plaintiff appeals is in fact 60(b)(1), more precisely the portion of that subsection that reads, "excusable neglect." This conclusion is reached because Plaintiff offers only excuses and demonstrates only neglect.

Plaintiff first blames the Clerk of Court's office for filing the wrong document, Mot. 1-2, then blames an act of God for preventing filing of the correct document on one of the ten days allowed by the July 26 Order, Mot. 3. It is unclear whom Plaintiff blames for his failure on the remaining nine days, but having made no effort to provide an excuse, it is, by definition, impossible for such an omission to be defined as "excusable." Therefore, Plaintiff fails to satisfy the standards of Rule 60(b) and his motion for reconsideration must be denied.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion is DENIED.

SIGNED at Houston, Texas, this 12th day of December, 2012.

MELINDA HARMON

UNITED STATES DISTRICT JUDGE